**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VARDAN ABRAMYAN, | No. 14-17485 |
| Petitioner-Appellant, | D.C. No. 2:13-cv-00258-JAM-DAD |
| v. | |
| JEFF MACOMBER, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 15, 2017[**]
San Francisco, California

Before: KLEINFELD and WARDLAW, Circuit Judges, and MORRIS,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

Abramyan filed a Petition for Writ of Habeas Corpus in the district court pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; *see* 28 U.S.C. § 2254. Abramyan argued that his trial counsel rendered ineffective assistance by failing to present the defenses of imperfect self-defense and imperfect defense of others. The district court denied the petition on the merits on November 21, 2014. Abramyan appeals.

We review the denial *de novo*. *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006). A petitioner seeking a writ of habeas corpus must demonstrate that state court proceedings either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2). We cannot otherwise grant habeas relief.

The California Court of Appeal concluded that Abramyan possessed no fear that his father, the victim, would inflict imminent harm on Abramyan, or the other members of his immediate family. This finding was reasonable in light of

2

Abramyan's testimony at trial that his father posed no danger to him or his immediate family at the time of the shooting.

The theory of imperfect self-defense or imperfect defense of others requires that the defendant possessed a genuine, but unreasonable, fear of imminent harm from the victim at the time of the killing. *People v. Trujeque*, 349 P.3d 103, 135 (Cal. 2015). Abramyan testified at trial that his father did not pose a threat to himself or his immediate family when his father sat in a car, alone, before he was shot by two of the hitmen whom Abramyan had hired. Abramyan's statements indicate that Abramyan did not possess a subjective fear of his father at the time of the killing and also that Abramyan did not think that his father posed an imminent threat at the time of the killing. Abramyan's statements failed to support his proposed theory of imperfect self-defense or imperfect defense of others.

Abramyan failed to show any of the elements required to support a successful claim of inadequate representation. *See Gallegos v. Ryan*, 820 F.3d 1013, 1025–26 (9th Cir. 2016). Abramyan's trial counsel appears to have made a reasonable decision not to pursue imperfect defense theories in light of Abramyan's testimony at trial and the requirements for a successful imperfect defense theory. Abramyan has failed to demonstrate that his trial counsel rendered

3

ineffective assistance.  He thus fails to make the showing required by 28 U.S.C. § 2254(d)(1)–(2), for the writ to issue.

**AFFIRMED.**